UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CAROLYN JANE SIINO,

                Plaintiff,

        v.                          **MEMORANDUM & ORDER**
                                          14-CV-7217 (MKB)

CITY OF NEW YORK,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Carolyn Jane Siino, proceeding *pro se*, commenced the above-captioned action on December 8, 2014, against Defendant the City of New York, among others. (Compl., Docket Entry No. 1.) Plaintiff's claims in this action arise in connection with the provision of services to Plaintiff by Adult Protective Services ("APS"), a division of the New York City Human Resources Administration's Office of Special Services, while Plaintiff was facing eviction for non-payment of rent. (*Id.*; Second Am. Compl. ("SAC"), Docket Entry No. 17.) By report and recommendation dated February 27, 2020, Judge Bloom recommended that the Court grant Defendant's motion for summary judgment as to Plaintiff's one remaining claim, which the Court liberally construed as a claim under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"), for Defendant's alleged failure to comply with the ADA's integration mandate, and that the Court deny Plaintiff's motion to amend the SAC (the "R&R"). (R&R, Docket Entry No. 74.) By Memorandum and Order dated April 14, 2020, the Court adopted the R&R, granted the motion for summary judgment, and denied Plaintiff's motion to amend the SAC (the "April 2020 Order"). (April 2020 Order, Docket Entry No. 79.) Plaintiff moved for reconsideration of the April 2020 Order on May 12, 2020, (Pl.'s First Mot.

for Recons., Docket Entry No. 82), and the Court denied Plaintiff's motion on August 13, 2020 (the "August 2020 Order"), (August 2020 Order, Docket Entry No. 86). Plaintiff now moves for reconsideration of the Court's order denying her first motion for reconsideration, (Pl.'s Second Mot. for Recons. ("Pl.'s Mot."), Docket Entry No. 87), and Defendant opposes the motion, (Def.'s Resp. in Opp'n ("Def.'s Opp'n"), Docket Entry No. 88).

For the reasons set forth below, the Court denies Plaintiff's second motion for reconsideration.

### I. Background

The Court assumes the parties' familiarity with the factual and procedural background of this case, as detailed in the R&R and the April 2020 Order, (*see* R&R 2–21; April 2020 Order 1–10), as well as the Court's numerous other prior decisions in this case, (*see* Mem. and Order dated Apr. 21, 2015, Docket Entry No. 8; Mem. and Order dated July 9, 2015, Docket Entry No. 12; Mem. and Order dated Feb. 19, 2016, Docket Entry No. 16; Mem. and Order dated Sept. 27, 2017, Docket Entry No. 33).

In the April 2020 Order, after a careful review of the record, as well as Judge Bloom's thorough and comprehensive R&R, the Court found that "no jury could reasonably find that Defendant denied Plaintiff access to services or programs on the basis of her actual or perceived disability, or that Defendant violated the integration mandate." (April 2020 Order 19.) Accordingly, the Court granted Defendant's motion for summary judgment on Plaintiff's sole remaining claim. (*Id.* at 21.) After reviewing Plaintiff's proposed Third Amended Complaint, the Court determined that "amendment would be futile, as Plaintiff's conclusory allegations fail[ed] to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure," and denied Plaintiff's motion to amend the SAC. (*Id.* at 22.) In her initial motion for reconsideration,

Plaintiff "repeat[ed] various claims and arguments that both Judge Bloom and the Court considered and rejected in granting Defendant's motion for summary judgment and denying Plaintiff's motion to amend the SAC." (August 2020 Order 3.) Accordingly, in denying Plaintiff's motion, the Court found that "Plaintiff ha[d] not met the standard for reconsideration" because "Plaintiff ha[d] not pointed to any controlling law or facts that the Court overlooked, and merely raise[d] arguments that both Judge Bloom and the Court ha[d] previously considered and rejected." (*Id.* at 4–5.)

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration is strict and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F.

Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

### b. The Court denies Plaintiff's motion for reconsideration

Plaintiff's second motion for reconsideration is premised on her contention that Defendant did not properly advise her of the implications of guardianship and improperly pursued guardianship, placing her at risk of institutionalization in violation of the ADA's integration mandate. (*See* Pl.'s Mot.) In support, Plaintiff repeats various claims and arguments that both Judge Bloom and the Court considered and rejected in granting Defendant's motion for summary judgment and denying Plaintiff's motion to amend the SAC and her first motion for reconsideration. Specifically, Plaintiff argues that: (1) she "unknowingly[ly] 'agreed' to the guardianship" when an APS social worker got her "to sign the folded paper in mid-air," which she mistook for something else, (*id.* at 3–4); (2) "[t]o this day, no one has ever explained to [Plaintiff] how a guardianship works let alone warn[ed] [Plaintiff] about the possibility of institutionalization," (*id.* at 4); (3) "[Plaintiff] had to have been told about how a guardianship works . . . to be able to make an informed choice," (*id.* at 4–5); (5) the Court "falsely assumed [Plaintiff] had the discussed knowledge, but [Plaintiff] had no such knowledge about guardianship law," (*id.* at 5); and (6) Plaintiff was "subjected to a deprivation of liberty" and "put by a scheme at risk of institutionalization," (*id.*). Based on these arguments, Plaintiff asks the Court "to reassess the possibility" that Plaintiff has a *Monell* claim, an adverse impact ADA claim, or a claim that Defendant violated the ADA's integration mandate. (*Id.* at 5–6.) In addition, Plaintiff requests "an injunction to stop the offering of services and programs which obligate unwitting clients with the legal duty to suffer harm preventable by providing

4

information to enable safe choices legally offered, and vacate or modify the [August 2020 Order]." (*Id.* at 6.)

Defendant argues that Plaintiff's motion should be dismissed because "Plaintiff again fails to identify a single controlling decision or fact that the Court overlooked that — had the Court considered — might reasonably be expected to have altered the conclusions reached by the Court in its . . . [o]rder denying Plaintiff's first motion for reconsideration." (Def.'s Opp'n 5.) "Rather," Defendant argues, "like her first motion for reconsideration, [Plaintiff's] second motion is nothing more than an attempt to re-litigate the very same arguments that the Court already considered and disposed of" both in its April 2020 Order and in its order denying Plaintiff's first motion for reconsideration. (*Id.* at 1; *see* Pl.'s Opp'n to Def.'s Mot. for Summ. J. 5–6, 13–14, Docket Entry No. 68 (arguing that Defendant violated the integration mandate by "steering" Plaintiff toward guardianship rather than helping her secure benefits and an appropriate housing option in the community, thereby increasing her risk of institutionalization); April 2020 Order 20 (finding no violation of the integration mandate and stating that "the record demonstrates that APS caseworkers discussed various options, including applying for assisted living, supportive housing, and benefits, which Plaintiff, for various reasons, refused"); Pl.'s First Mot. for Recons. 12 (arguing that "APS made it clear to [Plaintiff] that APS was seeking for [her] a guardianship which [she] felt [she] should not need and so actually did not want"); August 2020 Order 4–5 (denying Plaintiff's first motion for reconsideration because "Plaintiff "has not pointed to any controlling law or facts that the Court overlooked, and merely raises arguments that both Judge Bloom and the Court have previously considered and rejected").)

The Court finds that Plaintiff has not met the standard for reconsideration. Plaintiff has not pointed to any controlling law or facts that the Court overlooked and again merely raises arguments that both Judge Bloom and the Court have previously considered and rejected.

Accordingly, the Court denies Plaintiff's motion for reconsideration.

### III. Conclusion

For the reasons stated above, the Court denies Plaintiff's second motion for reconsideration. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff at the address of record.

Dated: June 2, 2021
       Brooklyn, New York

                              SO ORDERED:

                                  s/ MKB

                              MARGO K. BRODIE
                              United States District Judge