UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
CAROLYN JANE SIINO,

                Plaintiff,

            v.

CITY OF NEW YORK,

                Defendant.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
14-CV-7217 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Carolyn Jane Siino, proceeding *pro se*, commenced the above-captioned action on December 8, 2014, against Defendant the City of New York, among others. (Compl., Docket Entry No. 1.) Plaintiff's claims in this action arise in connection with the provision of services to her by Adult Protective Services ("APS"), a division of the New York City Human Resources Administration's Office of Special Services, while she was facing eviction for non-payment of rent. (*Id.*; Second Am. Compl. ("SAC"), Docket Entry No. 17.)

      By report and recommendation dated February 27, 2020, Judge Bloom recommended that the Court grant Defendant's motion for summary judgment as to Plaintiff's one remaining claim, which the Court liberally construed as a claim under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA"), for Defendant's alleged failure to comply with the ADA's integration mandate (the "R&R"). (R&R 1 & n.1, Docket Entry No. 74.) In addition, Judge Bloom recommended that the Court deny Plaintiff's motion to amend the SAC. (*Id.* at 1.) By Memorandum and Order dated April 14, 2020, the Court adopted the R&R, granted the motion for summary judgment, and denied Plaintiff's motion to amend the SAC (the "April 2020 Order"). (April 2020 Order 3, Docket Entry No. 79.) Plaintiff moved for

reconsideration of the April 2020 Order on May 12, 2020, (Pl.'s First Mot. for Recons., Docket Entry No. 82), and the Court denied Plaintiff's motion on August 13, 2020 (the "August 2020 Order"), (August 2020 Order, Docket Entry No. 86). On September 16, 2020, Plaintiff moved for reconsideration of the August 2020 Order, (Pl.'s Second Mot. for Recons., Docket Entry No. 87), and the Court denied her motion on June 2, 2021 (the "June 2021 Order"), (June 2021 Order, Docket Entry No. 90). On June 28, 2021, Plaintiff moved for reconsideration of the June 2021 Order, (Pl.'s Third Mot. for Recons., Docket Entry No. 91), and on July 29, 2021, Plaintiff moved to supplement her motion for reconsideration, (Pl.'s Mot. to Suppl., Docket Entry No. 93). Defendant opposes both motions. (Def.'s Resp. to Third Mot. for Recons., Docket Entry No. 92; Def.'s Resp. to Mot. to Suppl., Docket Entry No. 94).

For the reasons set forth below, the Court denies Plaintiff's motions.

## I. Background

The Court assumes the parties' familiarity with the factual and procedural background of this case, as detailed in the R&R and the April 2020 Order, (*see* R&R 2–21; April 2020 Order 1–10), as well as the Court's numerous other prior decisions in this case, (*see* Mem. and Order dated Apr. 21, 2015, Docket Entry No. 8; Mem. and Order dated July 9, 2015, Docket Entry No. 12; Mem. and Order dated Feb. 19, 2016, Docket Entry No. 16; Mem. and Order dated Sept. 27, 2017, Docket Entry No. 33).

In the April 2020 Order, after a careful review of the record and of Judge Bloom's thorough and comprehensive R&R, the Court found that "no jury could reasonably find that Defendant denied Plaintiff access to services or programs on the basis of her actual or perceived disability, or that Defendant violated the integration mandate." (April 2020 Order 19.) Accordingly, the Court granted Defendant's motion for summary judgment on Plaintiff's sole

remaining claim. (*Id.* at 21.) After reviewing Plaintiff's proposed Third Amended Complaint, the Court determined that "amendment would be futile, as Plaintiff's conclusory allegations fail[ed] to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure," and denied Plaintiff's motion to amend the SAC. (*Id.* at 22.)

In her first and second motions for reconsideration, Plaintiff "repeat[ed] various claims and arguments that both Judge Bloom and the Court considered and rejected in granting Defendant's motion for summary judgment and denying Plaintiff's motion to amend the SAC." (August 2020 Order 3; June 2021 Order 4.) Accordingly, in denying Plaintiff's motions, the Court found that "Plaintiff ha[d] not met the standard for reconsideration" because "Plaintiff ha[d] not pointed to any controlling law or facts that the Court overlooked, and merely raise[d] arguments that both Judge Bloom and the Court ha[d] previously considered and rejected." (August 2020 Order 4–5; June 2021 Order 5.)

## II. Discussion

### a. Standards of review

#### i. Reconsideration

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

3

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

      ii.    **Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Banister v. Davis*, 590 U.S. ---, ---, 140 S. Ct. 1698, 1709 n.7 (June 1, 2020) (quoting Fed. R. Civ. P. 60(b)). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). While such motions must be brought "within a reasonable time," *Santander Bank, N.A. v. Harrison*, 858 F. App'x 408, 410 (2d Cir. 2021) (quoting Fed. R. Civ. P. 60(c)(1)), "[t]he one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646

4

(2d Cir. 2021) (second alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Children's Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 430 (2d Cir. 1999) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986))). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

      **b.**   **The Court denies Plaintiff's third motion for reconsideration and her motion to supplement her motion for reconsideration**

In her third motion for reconsideration, Plaintiff argues that the Court overlooked Defendant's "controlling decisions [that] harmed" her, including Defendant's decisions (1) to seek approval for a guardianship for Plaintiff based on a "misdiagnosis" of mental disability and to prevent her "from contesting [her] misdiagnosis," leading to her institutionalization, (*see* Pl.'s Third Mot. for Recons. 1, 4–6); (2) to deprive her of "meaningful access . . . to the shelter system," although she "never went to a shelter intake facility," (*see id.* at 7–10); and (3) to "make unavailable or deny [her] supportive housing," although she "never filled out applications for supportive housing," (*see id.* at 10–11). Plaintiff requests that, if "the Court finds anything [in her motion] of actionable merit," it "modify[]/vacat[e] the [latest] judgment; [allow] a new complaint; find[] a violation of the integration mandate, an adverse treatment, a disparate impact, [and] a [section] 1983 action, . . . and order[] an injunction." (*Id.* at 12.) In her motion to supplement her motion for reconsideration, Plaintiff states that she "has two newly ripe claims,"

5

including a deprivation of property claim and an ADA retaliation claim, and "wants the Court to determine whether at least one of these claims is suddenly actionable in a new complaint or should be added to [her] dismissed case via [her] pending [m]otion for [r]econsideration." (Pl.'s Mot. to Suppl. 1–2.)

Defendant argues that the Court should deny Plaintiff's motion for reconsideration because it "violates Local Civil Rule 6.3 in that it is brought more than [fourteen] days after entry of the Order of which it seeks reconsideration, and also is not accompanied by a notice of motion," and because it "fails to satisfy the exacting standard for reconsideration," as "Plaintiff points to no facts or law in that Order that she previously raised but that she now contends the Court overlooked." (Def.'s Resp. to Third Mot. for Recons. 1–2.) In addition, Defendant argues that the Court should deny Plaintiff's motion to supplement her motion for reconsideration, which Plaintiff also "made without the required notice of motion," because it seeks "either an advisory opinion concerning the legal viability of her purported new claims or legal advice as to how to proceed" and because it "is entirely irrelevant to her pending motion for reconsideration," as it "does not correct" the defects Defendant has highlighted but rather "raises entirely new claims." (Def.'s Resp. to Mot. to Suppl. 1–2.) Defendant "request[s] that the Court issue an order prohibiting Plaintiff from any further filings in this case or in connection with the subject of this action without prior permission of the Court." (Def.'s Resp. to Third Mot. for Recons. 3.)

The Court denies Plaintiff's motion for reconsideration as untimely, as well as on the merits. As Defendant argues, Plaintiff's motion for reconsideration of the Court's June 2, 2021 Order is untimely under Local Civil Rule 6.3 because she failed to file a notice of motion within fourteen days of the June 2021 Order, instead filing her motion twenty-six days later, on June 28, 2021. *See* Local Civ. R. 6.3 ("Unless otherwise provided by the Court or by statute or rule . . . , a

6

notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ."); *see, e.g.*, *Bennett v. Care Corr. Sol. Med. Contracted*, No. 15-CV-3746, 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017) (denying as untimely *pro se* plaintiff's seven-day-late motion for reconsideration and collecting cases); *see also, e.g.*, *Lilakos v. New York City*, No. 14-CV-5288, 2016 WL 6768943, at *1 (E.D.N.Y. Nov. 15, 2016) ("A plaintiff's 'pro se status does not insulate him [or her] from complying with the relevant procedural rules.'" (alteration in original) (quoting *Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004))).

In addition, even if Plaintiff had timely filed her motion, she has not met the standard for reconsideration because she has not pointed to any controlling law or facts that the Court overlooked and merely raises arguments that both Judge Bloom and the Court have previously considered and rejected.  (*See generally* Pl.'s Opp'n to Def.'s Mot. for Summ. J. 5–6, 13–14, Docket Entry No. 68 (arguing that Defendant violated the integration mandate by "steering" Plaintiff toward guardianship rather than helping her secure benefits and an appropriate housing option in the community, thereby increasing her risk of institutionalization); April 2020 Order 20 (finding no violation of the integration mandate and stating that "the record demonstrates that APS caseworkers discussed various options, including applying for assisted living, supportive housing, and benefits, which Plaintiff, for various reasons, refused").

The Court also denies Plaintiff's motion to supplement her motion for reconsideration with new claims.  As Defendant argues, Plaintiff's motion seeks an advisory opinion from the Court as to whether her new claims are actionable and legal advice as to how she should proceed, to which she is not entitled.  *See, e.g.*, *Dimuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 33 (2d Cir. 2014) ("[P]laintiffs are 'not entitled to an advisory opinion from the [c]ourt informing them

7

of the deficiencies in the complaint and then an opportunity to cure those deficiencies.'" (quoting *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (per curiam))).  In addition, a plaintiff may not allege new claims in a motion for reconsideration.  *See, e.g.*, *Humbach v. Canon*, No. 13-CV-2512, 2016 WL 3647639, at *3 (S.D.N.Y. June 29, 2016) ("[The plaintiff] is not . . . permitted to allege new claims in a motion for reconsideration." (citing *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000))); *Polsby*, 2000 WL 98057, at *1 (stating that, on a motion for reconsideration, "a party may not 'advance new facts, issues or arguments not previously presented to the [c]ourt'" (quoting *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F. Supp. 115, 116 (S.D.N.Y. 1991))).

Accordingly, the Court denies Plaintiff's motion for reconsideration of the Court's June 2021 Order and her motion to supplement her motion for reconsideration.

    **c.   Plaintiff has not presented a basis to vacate the judgment pursuant to Rule 60(b)**

Even if construed as a timely motion pursuant to Rule 60(b), Plaintiff's motion does not establish a basis to vacate the June 2021 Order.  Plaintiff asks the Court to "modify/vacate the latest judgment" but does not cite Rule 60 or specify the subsection of the rule under which she seeks relief.  (Pl.'s Third Mot. for Recons. 12.)  However, none of Rule 60's subsections apply.

As to Rule 60(b)(1), Plaintiff does not seek relief from a final judgment arising from mistake, inadvertence, surprise, or excusable neglect of a party or its representatives, *see Turner v. Village of Lakewood*, 594 F. App'x 25, 25 (2d Cir. 2015), or relief based on a substantive legal mistake or mistake of fact made by the Court, *see Castro v. Bank of N.Y. Mellon as Tr. for Certificate Holders of CWalt Inc., Alt. Loan Tr. 2006-0A11 Mortg. Pass Through Certificates, Series 2006-OA11*, 852 F. App'x 25, 28 (2d Cir. 2021).  Nor has Plaintiff presented newly discovered evidence "of such importance that it probably would have changed the outcome,"

8

warranting relief under Rule 60(b)(2).  *Victorinox AG v. B&F Sys., Inc.*, 709 F. App'x 44, 52 (2d Cir. 2017) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).  Rules 60(b)(3) and 60(b)(4) are also inapplicable, as Plaintiff does not argue (and has not shown by "clear and convincing" evidence) that Defendant made a material misrepresentation that prevented her from "fully and fairly presenting [her] case," *Castro*, 852 F. App'x at 29 (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004), or that the June 2021 Order is one of the "rare instance[s]" when a judgment is premised "on a certain type of jurisdictional error or on a violation of due process that deprive[d] a party of notice or the opportunity to be heard," *SEC v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021) (first quoting *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2d Cir. 2010); and then citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011)); *Williams v. City Univ. of N.Y.*, 590 F. App'x 84, 85 (2d Cir. 2015).  Likewise, as to Rule 60(b)(5), Plaintiff cannot demonstrate that the June 2021 Order was based on an earlier judgment that was reversed or vacated, *see Green v. Walsh*, 460 F. App'x 71, 72 (2d Cir. 2012), and has not demonstrated any "extraordinary circumstances" or "extreme and undue hardship" that would warrant the rare relief afforded by Rule 60(b)(6).  *See Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (quoting *Nemaizer*, 793 F.2d at 63).

Accordingly, the Court denies Plaintiff's motion to vacate the judgment.

## III. Conclusion

For the reasons stated above, the Court denies Plaintiff's third motion for reconsideration and her motion to supplement her motion for reconsideration.  If Plaintiff believes she has newly ripe claims, she may contact the Federal Pro Se Legal Assistance Project of the City Bar Justice Center at 212-382-4729 for limited-scope legal assistance in determining how to proceed.  As

this is Plaintiff's third motion for reconsideration of the same issues, Plaintiff is advised that additional, similar motions may result in a bar against further filings in this case without prior approval of the Court. *See, e.g.*, *Huminski v. Connecticut*, No. 14-CV-1390, 2015 WL 1825966, at *3 (D. Conn. Apr. 22, 2015) (warning *pro se* plaintiff that "should he nonetheless continue to file frivolous motions despite this [c]ourt's repeated warnings, the [c]ourt [will] enjoin [him] from submitting any further filings related to the events described in his complaint or the [c]ourt's rulings regarding his complaint (other than a notice of appeal) in the District of Connecticut without this [c]ourt's prior approval"); *see also Sassower v. Sansverie*, 885 F.2d 9, 11 (2d Cir. 1989) (per curiam) ("We write . . . to give fair warning to appellant that if he continues to abuse the judicial process by the instigation of frivolous appeals, an injunction will issue directing the Clerk of this Court to refuse to accept for filing any submissions from him, unless he has first obtained leave of the [c]ourt to file such papers."); *Martin-Trigona v. Lavien (In re Martin-Trigona)*, 737 F.2d 1254, 1261 (2d Cir. 1984) (per curiam) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Dated: December 21, 2021
      Brooklyn, New York

                                        SO ORDERED:

                                            s/ MKB
                                      _____
                                      MARGO K. BRODIE
                                      United States District Judge